IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATASHA LYNN WILLIAMSON         )
                                ) No. 18-117
    v.                          )

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY


**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability benefits pursuant to Title II and Title XVI. Plaintiff claimed disability due to mental and physical impairments, including irritable bowel syndrome ("IBS") and depressive disorder. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ applied an incorrect legal standard when determining that Plaintiff's IBS was non-severe.

> As long as an ALJ finds at least one impairment to be severe, the ALJ considers all of a claimant's impairments in combination—severe and non-severe—at step three. In other words, impairments found to be non-severe are nevertheless included in the step three analysis, so if an ALJ finds that at least one of a claimant's impairments is severe at step two, findings of non-severity as to other impairments are harmless.

Figueroa v. Comm'r of Soc. Sec., No. 17-8239, 2018 U.S. Dist. LEXIS 217932, at *7 (D.N.J. Dec. 28, 2018).

Here, the ALJ found that Plaintiff suffered from a number of severe impairments, including generalized seizures, major depressive disorder, and bipolar disorder. At step three, the ALJ did not specifically refer to Plaintiff's IBS when considering the combination of impairments. However, "an ALJ need not explicitly discuss every applicable listing or combination of impairments at step three, so long as the opinion, read as a whole, indicates that the ALJ considered the proper factors in arriving at his ultimate conclusion. … And further, 'an ALJ fulfills his obligation to consider a claimant's impairments in combination with one another if the ALJ explicitly indicates that he has done so and there is 'no reason not to believe him.'" Luna v. Comm'r of Soc. Sec., No. 14-6953, 2016 U.S. Dist. LEXIS 91296, at *14 (D.N.J. July 13, 2016). Accordingly, even a sparse step three analysis that fails to refer to all severe and non-severe impairments is not necessarily deficient. Id. at *14.

Here, Plaintiff's argument centers on the ALJ's alleged mischaracterization of the severity of her IBS, and the opinion of Plaintiff's primary care physician, Dr. Quel. The ALJ's decision discussed Dr. Quel's records, as well as Plaintiff's IBS, and there is no reason to believe that the evidence was disregarded. Further, Plaintiff does not explicate regarding the impact that

a severity finding or explicit discussion of IBS would have had on the ALJ's analysis. Explicit discussion of all impairments, even if non-severe, certainly eases a reviewing Court's burden. Nonetheless, I find no error here.

Next, Plaintiff asserts that the hypothetical posed to the vocational expert failed to take into account Plaintiff's moderate deficiencies in concentration, persistence, and pace, or the need for bathroom breaks due to Plaintiff's IBS. The RFC imposed the following limitations: avoid all use of moving machinery and all exposure to unprotected heights; limited to simple, routine tasks performed in a work environment free of quota production requirements and involving only simple work related decisions and routine work place changes; and isolated from the public with only occasional supervision and occasional interaction with coworkers. Each element of this RFC was posed to the VE during the hearing. Such limitations have been found adequate to account for moderate limitations in concentration, persistence, and pace. See Rubendall v. Colvin, No. 15-1266, 2016 U.S. Dist. LEXIS 119985, at *46 (M.D. Pa. Aug. 15, 2016). Likewise, regarding Plaintiff's alleged mental limitations, the ALJ did not err when considering the medical opinion of record, as the ALJ considered conflicting evidence and adequately explained the reasons for her conclusions. Regarding the need for bathroom breaks due to IBS, Plaintiff points to no medical opinion that indicates that such breaks are necessary, or pertinent details regarding such breaks, such as frequency. The fact that evidence exists to support Plaintiff's gastrointestinal symptoms does not affect this conclusion. It was not error for the ALJ to fail to account for such a limitation in either the RFC or the consequent hypothetical to the VE.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: February 21, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATASHA LYNN WILLIAMSON )
) No. 18-117
v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

## ORDER OF COURT

AND NOW, this 21st day of February, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court